UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER SEDLAK,

        Petitioner,

                                                    CASE NO. 2:14-CV-10839
v.                                          HONORABLE GEORGE CARAM STEEH

J. A. TERRIS,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING THE
## PETITION FOR A WRIT OF HABEAS CORPUS

Federal prisoner Roger Sedlak ("petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his federal criminal sentence. Having reviewed the matter, the Court finds that the petitioner has improperly brought this action under § 2241 and his petition must be dismissed.

I.

Pursuant to an agreement with the government, the petitioner pleaded guilty to: (1) conspiracy to commit the offenses of interstate transportation with intent to engage in prostitution, and persuading, inducing, coercing, and enticing interstate travel for the purpose of prostitution in violation of 18 U.S.C. §§ 371, 2421, and 2422 (Count 1); (2) knowingly persuading, inducing, enticing, and coercing an individual to travel in interstate commerce to engage in prostitution in violation of § 2422 (Count 3); (3) aggravated identity theft during and in relation to the commission of wire fraud in violation of 18 U.S.C. §

1028A(a)(1) (Count 5); and (4) money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count 18) in the United States District Court for the Middle District of Pennsylvania. He was sentenced to 60 months imprisonment on Count 1, concurrent terms of 121 months imprisonment on Counts 3 and 18, and a consecutive term of 24 months imprisonment on Count 5, as well as 10 years of supervised release, a $400 special assessment, and a $5000 fine. The United States Court of Appeals for the Third Circuit affirmed his convictions and sentences. United States v. Sedlak, 529 F. App'x 253 (3d Cir. 2013).[1] It appears that the petitioner has filed several motions for post-judgment relief with the trial court which have been dismissed without prejudice. Most recently, on May 8, 2014, he filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with the trial court. That motion remains pending. See United States v. Sedlak, No. 1:09-CR-0079-WWC-1 (M.D. Pa.) (criminal docket).

In his pleadings, the petitioner challenges his sentence and asserts that he is entitled to immediate release from custody based upon the United States Supreme Court's recent decision in Alleyne v. United States, _ U.S. _, 133 S. Ct. 2151 (2013) (ruling that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime that must be admitted by the defendant or submitted to the jury to comply with the Sixth Amendment). In his supplemental pleadings, he also raises claims concerning his First Amendment rights and his right to appellate counsel. He does not allege that his

---

[1] Prior to his plea and again during the pendency of his direct appeal, the petitioner also filed petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. Both were denied. Sedlak v. United States, No. 4:09-CV-2297, 2009 WL 4327563 (M.D. Pa. Nov. 30, 2009); Sedlak v. United States, No. 1:12-CV-285 (M.D. Pa. Feb. 14, 2012) (magistrate judge's report and recommendation).

remedy under 28 U.S.C. § 2255 is inadequate or ineffective.

II.

The petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. However, a motion to vacate sentence under 28 U.S.C. § 2255 is the proper avenue for relief on a federal prisoner's claims that his convictions and/or sentences were imposed in violation of the federal constitution or federal law. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); see also McCully v. United States, 60 F. App'x 587, 588 (6th Cir. 2003) (citing United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. Id. at 758.

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. In Re Gregory, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has been denied, because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. Charles, 180 F.3d at 756.

The petitioner does not assert that § 2255 is inadequate or ineffective – and it appears that he currently has such a motion pending before the trial court in Pennsylvania.

Moreover, § 2255 allows a defendant to seek relief based upon a change in the law and even to bring a second or successive motion under limited circumstances. The possibility that the petitioner may not be able to satisfy the procedural requirements of § 2255 does not mean that he should be allowed to proceed under § 2241. See Peterman, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Charles, 180 F.3d at 758.

The petitioner neither alleges nor establishes that his remedy under § 2255 is inadequate or ineffective. Consequently, his § 2241 petition must be dismissed. See Gelinas v. Terris, No. 14-CV-10888, 2014 WL 902687 (E.D. Mich. March 7, 2014) (dismissing § 2241 petition raising Alleyne claim because the petitioner had not shown that § 2255 was inadequate or ineffective or that he was actually innocent); Smith v. Holland, No. 13-147-KCC, 2013 WL 4735583 (E.D. Ky. Sept. 3, 2013) (same); Woods v. Coakley. No. 4:13-CV-1388, 2013 WL 3818163, *2-4 (N.D. Ohio July 22, 2013) (same); accord Alsop v. Chandler, 2014 WL 68913 (5th Cir. Jan. 9, 2014) (affirming dismissal of § 2241 petition raising Alleyne claim); Jackman v. Shartle, 535 App'x 87 (3d Cir. Aug. 20, 2013) (affirming dismissal of § 2241 petition raising several challenges to conviction and Alleyne

issue); Osborne v. Ebbert, No. 3:CV-10-2079, 2010 WL 5111430, *2-3 (M.D. Pa. Dec. 9, 2010) (dismissing § 2241 petition and noting that sentencing claims are uniquely within the purview of the sentencing judge).[2]

The only circumstance in which the United States Court of Appeals for the Sixth Circuit has found § 2255 to be an ineffective or inadequate remedy is when a petitioner states a facially valid claim for actual innocence. Paulino v. United States, 352 F.3d 1056, 1061 (6th Cir. 2003); Bannerman v. Snyder, 325 F.3d 722, 724 (6th Cir. 2003); Martin v. Perez, 319 F.3d 799, 804 (6th Cir. 2003). To establish actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Martin, 319 F.3d at 894. "Actual innocence" means factual innocence, not mere legal insufficiency. Bousley, 523 U.S. at 624. Petitioner makes no such showing. Moreover, any claim that he is "actually innocent" of a sentencing enhancement is insufficient to allow him to proceed under § 2241. Courts have not extended the actual innocence exception to petitioners challenging only their sentence. Peterman, 249 F.3d at 462; see also Hayes v. Holland, 473 F. App'x 501, 502 (6th Cir. 2012) (unpublished case citing Peterman); Woods, 2013 WL 3818163 at *4-5; Ross v. Zuercher, No. 09-CV-152-ART, 2010 WL 568528, *2 (E.D. Ky. Feb. 12, 2010) (dismissing § 2241 petition raising sentencing challenge); accord Sorrell v. Bledsoe, No. 10-1649, 2011 WL 2728287, *2 (3d Cir. July 14, 2011) (dismissing § 2241 petition seeking sentencing relief under Supreme Court law).

---

[2]In fact, the petitioner previously filed a similar § 2241 petition in this district, which was dismissed because his proper recourse was to file a motion to vacate sentence under 28 U.S.C. § 2255 with the trial court. Sedlak v. Terris, No. 2:13-CV-13244 (E.D. Mich. Sept. 25, 2013) (Roberts, J.).

Because the petitioner has not shown that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, he is not entitled to habeas relief from his criminal sentence under 28 U.S.C. § 2241.  Moreover, the Court cannot sua sponte construe his petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 (and transfer the case to the appropriate federal court).  In re Shelton, 295 F.3d 620, 622 (6th Cir. 2002).  Accordingly, the Court shall dismiss the petition.

III.

For the reasons set forth, the Court concludes that the petitioner is challenging the validity of his federal criminal sentence in this case and he has not shown that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective.  He has improperly brought this action under 28 U.S.C. § 2241.  Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus.  This dismissal is without prejudice to any relief that the petitioner may seek in the United States District Court for the Middle District of Pennsylvania or the United States Court of Appeals for the Third Circuit.  Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241.  Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004).  The petitioner thus need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

Dated:  May 14, 2014

            s/George Caram Steeh
            GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 14, 2014, by electronic and/or ordinary mail and also on Roger Sedlak #63014066, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000 Milan, MI 48160.

s/Barbara Radke
Deputy Clerk